14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael REED, Defendant-Appellant.
 No. 93-5176.
 United States Court of Appeals, Fourth Circuit.
 Dec. 9, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville.
 Daniel N. Ballard; James H. Varner, Jr., Leslie M. Jeffries, Eshbaugh, Simpson and Varner, for Appellant.
 J. Preston Strom, Jr., United States Attorney, Matthew R. Hawley, Jr., Special Assistant United States Attorney, for Appellee.
 D.C.S.C.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Reed entered a guilty plea to one count of possession of marijuana with intent to distribute, 21 U.S.C.A.Sec. 841 (West 1981 & Supp.1993), and one count of attempted money laundering, 18 U.S.C.A. Sec. 1956(a)(3)(A) (West Supp.1993). He appeals the sixty-month sentence he received. We affirm.
 
 
 2
 At his home in Tennessee, Reed fronted sixty-five pounds of marijuana to an undercover agent and shortly afterward delivered an additional 130 pounds to the agent in South Carolina. He was to receive payment of $231,700 for the whole amount, which the agent represented as proceeds from his marijuana distribution business. As he was loading the marijuana into the agent's vehicle before receiving payment, Reed was arrested.
 
 
 3
 Reed's plea agreement contained a waiver of his right to appeal the judgment of conviction and to collaterally attack his guilty plea. The government asserts that the waiver bars Reed from appealing his sentence, while Reed contends that he retains the right to appeal the sentence. The effect of a waiver provision in a plea agreement is reviewed de novo by the appeals court. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). We find that the waiver does not prevent an appeal of Reed's sentence because the district court failed to address the waiver provision during the Fed.R.Crim.P. 11 hearing, there is some ambiguity in the provision, and there is no indication in the record that Reed believed he was giving up the right to appeal his sentence as well as his conviction. We note that, at the end of the sentencing hearing, Reed was informed by the court that he could appeal his sentence. The government made no objection to the court's statement.
 
 
 4
 Reed first maintains that the district court erred in finding that guideline section 2X1.1 (Attempt, Solicitation, or Conspiracy (Not Covered by Another Guideline))* did not apply to the offense of money laundering. Section 2X1.1 provides for a decrease of three offense levels when the offense is an attempt unless circumstances demonstrate that the defendant was about to complete all acts necessary to complete the offense, and would have done so but for his apprehension. Section 2X1.1 does not apply when the attempt is expressly covered by another guideline. Application Note 1 to section 2X1.1 lists the offense guidelines which expressly cover attempts. The guideline applicable to attempted money laundering, section 2S1.1, is not included. Therefore, section 2X1.1 did apply.
 
 
 5
 However, the district court held, in the alternative, that if section 2X1.1 did apply, Reed would not be entitled to the three-level decrease he sought. Here we agree with the district court. Reed argued at sentencing and continues to argue on appeal that the acts necessary to complete the offense of money laundering would have occurred at some point after he received payment for the marijuana and took the money home. On the facts of this case, however, Reed's drug sale to the undercover agent was itself money laundering, and Reed had completed nearly all the acts necessary to commit it when he was interrupted by his arrest. Under Sec. 1956(a)(3)(A), receipt of funds which have been represented to be the proceeds of unlawful activity (the agent's alleged prior drug sales), as part of a financial transaction (the deal between Reed and the agent) which is intended to promote unlawful activity (Reed's drug business), constitutes money laundering. See United States v. Calva, 979 F.2d 119, 123 (8th Cir.1992); United States v. McLamb, 985 F.2d 1284, 1292 (4th Cir.1993) (construing Sec. 1956(a)(3)(B) attempt to receive unlawful proceeds with intent to conceal or disguise their nature).
 
 
 6
 The financial transaction must be one which in some way or degree affects interstate commerce, 18 U.S.C.A. Sec. 1956(c)(4), but the effect need only be de minimis. United States v. Peay, 972 F.2d 71, 74 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). Reed concedes that he intended to take the money from South Carolina to Tennessee, which supplies the necessary element of interstate commerce.
 
 
 7
 Cf. United States v. Gallo, 927 F.2d 815, 823 (5th Cir.1991) (transportation of drug proceeds within state affects interstate commerce).
 
 
 8
 Because completion of the marijuana sale would have completed the money laundering offense, the district court did not err in finding that Reed had done nearly all the acts necessary on his part to complete the money laundering offense, would have completed it but for his arrest, and should not receive a decrease in offense level under section 2X1.1(b)(1).
 
 
 9
 Reed asserts that the sixty-month concurrent sentence imposed for his Sec. 841 conviction was a departure above the guideline range which would have applied had he been sentenced for the drug count alone, and that the court erred in not giving notice and an explanation for the departure. His complaint is without merit. The drug count and the money laundering count were grouped, and a combined offense level was determined pursuant to guideline section 3D1.3. Concurrent sentences are mandated for sentences on multiple counts, except as otherwise required by law. U.S.S.G. Sec. 5G1.2(b) (total punishment imposed on each count).
 
 
 10
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)