54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. BUNTIN, Sr., Defendant-Appellant.
 No. 94-5359.
 United States Court of Appeals, Fourth Circuit.
 Submitted December 30, 1994.
Decided May 15, 1995.
 
 Johnson Kanady, III, THOMPSON & MCMULLAN, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, David T. Maguire, Assistant United States Attorney, Richmond, Virginia; William L. Finch, Trial Attorney, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 Before HALL, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Robert E. Buntin, Sr., seeks to appeal his sentence after entering a guilty plea to the interstate transportation of money taken by fraud, 18 U.S.C. Sec. 2314 (1988). Buntin argues that the district court erred in its application of the sentencing guidelines. Finding that Buntin waived his statutory right to appeal his sentence, we dismiss this appeal.
 
 
 2
 * Buntin was charged in an eight-count indictment with various crimes resulting from his misappropriation of funds and failure to pay subcontractors on four different government contracts. The government's evidence established that Buntin was in the business of supplying equipment such as shelving and racks to the government. Buntin bid on government contracts and would then subcontract the work out to other parties. Buntin would accept payment from the government for the subcontractor's work, but then he would not fully pay the subcontractors. Instead, Buntin diverted that money for his personal use and to satisfy other business debts. Buntin operated this scheme on four different government contracts.
 
 
 3
 The government agreed to drop seven of the charges in consideration for Buntin's guilty plea to one count and his waiver of his right to appeal the sentence. The guilty plea did not contain any agreement as to sentence and, in fact, expressly stated that the court was free to sentence Buntin up to the statutory maximum for the offense. The court accepted Buntin's guilty plea and subsequently sentenced him to thirty months imprisonment to be followed by three years of probation, and payment of $5500 restitution. Buntin noted an appeal to this Court and asserted the district court erred in its application of the sentencing guidelines.
 
 II
 
 4
 It is well-established that the Constitution does not guarantee the right to appeal. Abney v. United States, 431 U.S. 651, 656 (1977). A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence. Such a waiver is effective so long as it is the result of a knowing and intelligent decision to forego the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). Whether a waiver is knowing and intelligent can be demonstrated by the particular facts and circumstances of the case, "including the background, experience, and conduct of the accused." United States v. Attar, 38 F.3d 727, 731 (4th Cir.1994) (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992)). The trial judge need not specifically discuss the waiver of appeal right during the Fed.R.Crim.P. 11 colloquy, as long as the record is manifestly clear that the defendant otherwise understood the full significance of the waiver. Attar, 38 F.3d at 732 (citing United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir.1993)).
 
 
 5
 Buntin argues that he did not knowingly and intelligently agree to the waiver of appeal provision contained in his plea agreement. Buntin argues that because the trial court did not specifically discuss this particular provision with him during the Rule 11 colloquy, the record does not show that he fully understood its ramifications. This argument lacks any merit.
 
 
 6
 The record is manifestly clear that Buntin understood the full significance of the waiver of appeal provision. Buntin is a well-educated man, who was represented by counsel at each stage of the plea negotiations. Buntin completed a high school education and some college-level coursework. His previous employment in positions of responsibility and his ability to bid and negotiate valuable and complex government contracts demonstrate that Buntin is an intelligent and articulate individual. Paragraph four of the plea agreement signed by Buntin states that "the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction...." By his signature, Buntin represented that he "read [the] plea agreement and carefully reviewed every part of it with [his] attorney." Similarly, defense counsel's signature represented that he "carefully reviewed every part of this plea agreement with the defendant."
 
 
 7
 Moreover, during the Rule 11 colloquy, the district court read Buntin the essential terms of the plea agreement, including the appeal waiver provision. The court asked Buntin whether he understood that those terms made up the essence of the plea agreement. Buntin replied in the affirmative. The district court ascertained that Buntin was fully competent to plead guilty; that he had discussed the applicability of the sentencing guidelines with his attorney; that the sentence remained, as yet, undetermined; and that Buntin had read and understood the plea agreement and accepted each and every term contained therein. Under these circumstances, we find that Buntin's waiver of the right to appeal his sentence was knowing and intelligent. See Attar, 38 F.3d at 732.
 
 
 8
 We accordingly dismiss Buntin's appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Because we dismiss the appeal on the basis of Appellant's valid waiver, we decline to address the merits of his claims