70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd JONES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo BENITEZ, a/k/a Poppy, a/k/a Junior, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcel BARNES, a/k/a Larry Kevin Brown, Defendant-Appellant.
 Nos. 94-5589, 94-5623, 94-5632.
 United States Court of Appeals, Fourth Circuit.
 Decided Nov. 15, 1995
Submitted May 23, 1995
 
 Michael D. Kmetz, KMETZ & MCMILLIN, Norfolk, Virginia, for Appellant Jones; Andrew A. Protogyrou, Norfolk, Virginia, for Appellant Benitez; Jesse E. Demps, Portsmouth, Virginia, for Appellant Barnes. Helen F. Fahey, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Todd Jones, Guillermo Benitez, and Marcel Barnes seek to appeal their sentences imposed pursuant to guilty pleas. Each Defendant signed a plea agreement expressly waiving his right to appeal his sentence. We hold that the waivers are enforceable and dismiss the appeals.
 
 
 2
 * The Defendants pled guilty to distribute, and to possess with intent to distribute, cocaine, cocaine base, heroin, and marijuana. Jones and Barnes received life sentences, while Benitez received a 300-month sentence. Paragraph Five of each Defendant's plea agreement read:
 
 
 3
 The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).
 
 
 4
 The Defendants now claim that this waiver provision is unenforceable.
 
 II
 
 5
 This court has previously held that a waiver of appellate rights, to which a defendant knowingly and voluntarily agrees, is valid and enforceable. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir.1991). In Marin, we stated:
 
 
 6
 [A] waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the [Fed.R.Crim.P. 11] colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.
 
 
 7
 United States v. Marin, 961 F.2d at 496.
 
 
 8
 The transcripts of the Defendants' Rule 11 proceedings reflect that the district court specifically questioned each Defendant about whether he understood that he was waiving his appellate rights. Each Defendant answered affirmatively. Further, there is nothing in the materials before us to suggest that any Defendant did not comprehend the waiver. Given these circumstances, we conclude that the waivers are valid and that Jones, Benitez, and Barnes knowingly waived their rights to bring these appeals. Accordingly, the appeals are dismissed.
 
 
 9
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 10
 DISMISSED.