72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael C. BARSON, a/k/a Dusty Rhodes, a/k/a Skip Town,
a/k/a Michael Charles, a/k/a Bill Daley,
Defendant-Appellant.
 No. 95-5174.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1995.
Decided Dec. 19, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-94-327-A)
 David G. Leitch, HOGAN & HARTSON, L.L.P., Washington, D.C., for Appellant. Helen F. Fahey, United States Attorney, Randy I. Bellows, Assistant United States Attorney, Thomas E. Booth, Marie A. O'Rourke, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 E.D.Va.
 DISMISSED.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael C. Barson pled guilty to conspiracy, mail fraud, wire fraud, bank fraud, and Social Security fraud in connection with his fraudulent advertisement and sale of vacation travel packages.[1] His plea agreement contained a waiver of the right to appeal his sentence or the manner in which his sentence was determined, on the grounds set out in 18 U.S.C.A. Sec. 3742 (West 1985 & Supp.1995), or on any ground whatever, as long as the sentence was within the statutory maximum. Barson now appeals the 63-month sentence he received, contending that the district court erred in departing upward from the guideline range and that his waiver does not bar review of this issue. The record below discloses that the district court questioned Barson about his waiver before accepting his guilty plea. The record indicates that Barson's waiver was knowing and voluntary. Because Barson validly waived his right to appeal and his claims do not come within the narrow exception recognized in our precedents,[2] we dismiss the appeal.
 
 
 2
 At the first sentencing hearing, the district court informed Barson that it might depart upward both in offense level and criminal history because of (1) Barson's possibly false statements to the probation officer, (2) Barson's possible involvement in a new scam since his conviction, and (3) his possibly understated criminal history score.
 
 
 3
 Barson had one criminal history point. In connection with the contemplated criminal history departure under USSG Sec. 4A1.3,[3] the district court mentioned the lenient 2-day state sentence Barson received for brandishing a firearm at a victim seeking a refund in his travel office.
 
 
 4
 The probation officer subsequently prepared an addendum to the presentence report which suggested that the court could depart upward under USSG Sec. 5K2.0 based on the scope and duration of Barson's scheme and under USSG Sec. 5K2.8 because of his crude and degrading manner of dealing with his dissatisfied victims. The probation officer also suggested that an upward departure under USSG Sec. 4A1.3 could be based on newly discovered bank frauds committed by Barson in 1986 and 1987 when he wrote checks on closed accounts.
 
 
 5
 At the second sentencing hearing, the district court found that Barson had neither made false statements to the probation officer nor engaged in any new scams. The court found that he had probably committed bank fraud in 1987 by cashing bad checks on a closed account. Treating that as an alternative ground for a criminal history departure, the court noted that Barson had not filed income tax returns for 1990, 1991, or 1992, conduct which could have resulted in three convictions for which he would have received at least three additional criminal history points. The court therefore found that a departure to criminal history category III was appropriate. In addition, the court departed from offense level 20 to level 24 because of the large number of people Barson had defrauded and because of his extremely crude and insulting conduct toward his victims, including brandishing a gun at one victim.
 
 
 6
 Barson now appeals, contending that the district court failed to give him adequate notice of the grounds on which it ultimately decided to depart upward. He characterizes this claim as a due process claim for which the waiver does not bar his appeal.
 
 
 7
 Barson also contends that he was not sentenced in accordance with the guidelines, as provided in his plea agreement, because the court failed to comply with the procedure required by United States v. Rusher, 966 F.2d 868, 884 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3285 (U.S.N.C. Oct. 13, 1992) (No. 92-5734). Rusher requires a sentencing court departing under USSG Sec. 4A1.3 to explain why each succeeding criminal history category is inadequate before moving to the next category. Finally, Barson maintains that the court erred in departing to a higher offense level based on the large number of victims and on Barson's harsh treatment of them.
 
 
 8
 A defendant may waive the right to appeal his sentence on the ground that it was imposed through an improper application of the guidelines or a violation of a procedural rule as long as his waiver is knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). However, even a valid waiver does not bar an appeal from a sentence which is imposed in violation of the right to counsel, United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3809 (U.S. May 15, 1995) (No. 94-1404), or is in excess of the statutory maximum or is based on a constitutionally impermissible factor such as race. Marin, 961 F.2d at 496.
 
 
 9
 Barson maintains that the district court's alleged failure to give adequate notice of the specific grounds on which it departed under Sec. 4A1.3 (the failure to file tax returns) violated the Due Process Clause as well as Fed.R.Crim.P. 32. This claim and Barson's other claims of error do not rise to the level necessary to overcome a valid waiver. Even if his claims were true, Barson has alleged no more than misapplication of the guidelines and a violation of Rule 32, not a violation of due process. Under Marin and Attar, Barson's waiver bars review of such claims. Moreover, the district court gave Barson adequate notice at the first sentencing hearing that it might depart under Sec. 4A1.3, which should have alerted Barson that any past criminal conduct which was not counted in his criminal history could be grounds for departure.
 
 
 10
 We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 DISMISSED.
 
 
 
 [1]
 These offenses violated the following code sections: conspiracy to commit mail fraud, wire fraud, and bank fraud (18 U.S.C.A Sec. 371 (West 1966 & Supp.1995)); mail fraud (18 U.S.C.A. Sec. 1341 (West Supp.1995)); wire fraud (18 U.S.C.A. Sec. 1343 (West Supp.1995)); bank fraud (18 U.S.C.A. Sec. 1344 (West Supp.1995)); Social Security fraud (42 U.S.C.A. Sec. 408(a)(7)(B) (West Supp.1995))
 
 
 [2]
 We previously denied Barson's Motion for Initial Hearing In Banc urging reconsideration of any prior decisions which might bar his appeal
 
 
 [3]
 United States Sentencing Commission, Guidelines Manual (Nov.1994)