**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-5931**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEROME WALDEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge. (CR-95-63)

---

Submitted:  July 25, 1996          Decided:  August 14, 1996

---

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Gregory William Franklin, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, David John Novak, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerome Walden seeks to appeal his sentence of 210 months imprisonment. Walden pled guilty to possession of more than 50 grams of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). He argues that the district court erred in refusing to depart below the guideline range on two grounds. Because Walden expressly waived his right to appeal his sentence in his plea agreement, we dismiss the appeal.

Paragraph Five of Walden's plea agreement stated:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

Before accepting Walden's guilty plea, the district court inquired of Walden whether he understood the key provisions of his plea agreement, including the waiver provision. Walden said he did. There is nothing in the materials before us to indicate that he did not comprehend the significance of the waiver. A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). We find that Walden's waiver was valid.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED