**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

SILVERIO CALDERON, a/k/a Juan
David Torres,
Defendant-Appellant.

No. 98-4016

Appeal from the United States District Court
for the District of North Carolina, at Winston-Salem.
Richard C. Erwin, Senior District Judge.
(CR-97-116)

Submitted: August 18, 1998

Decided: September 9, 1998

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph L. Anderson, James J. Fradenburg, JOSEPH L. ANDERSON
& ASSOCIATES, P.C., Kernersville, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Silverio Calderon, an illegal alien, pled guilty to charges of obstruction of justice in violation of 18 U.S.C.A. § 1503 (West Supp. 1998). After enhancing Calderon's base offense by three levels pursuant to USSG § 2J1.2(b)(2),[1] the district court sentenced Calderon to twenty-four months' imprisonment, to be followed by deportation. Calderon appeals, alleging that the charges against him were the result of an unlawful search of his home and that the district court erred in enhancing his offense level at sentencing. Because we find that Calderon waived his right to appeal these issues, we dismiss his appeal.

The facts underlying the charge of obstruction of justice are straightforward and not in dispute. Over the course of six years, and in the face of several criminal prosecutions, Calderon identified himself to state and federal authorities by two aliases. Most recently, while in federal court on firearms charges, Calderon identified himself as "Juan David Torres," a native of Puerto Rico.

However, in 1997, authorities in North Carolina obtained a death certificate and other evidence indicating that Juan David Torres died in New York City in 1987. Based on this information, law enforcement officers obtained a warrant and searched Calderon's home. There they discovered evidence, including a Dominican passport, indicating that the man previously identified as Juan David Torres was actually Calderon, a native of the Dominican Republic.

A grand jury indicted Calderon for obstruction of justice based on Calderon's alleged false identification of himself in federal court. Several months later, Calderon pled guilty to this charge pursuant to

_____

**1** **U.S. Sentencing Guidelines Manual** (1997).

2

a written plea agreement. In relevant part, that agreement provided that Calderon would waive any objection to the Government's case against him,[2] and that he "expressly waive[d] the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a). . . ."[3] After Calderon pled guilty pursuant to this agreement, the district court sentenced him to imprisonment and deportation. This appeal followed.

Despite the clear and unequivocal waiver of the right to appeal in his plea agreement, Calderon now seeks review of certain aspects of both the Government's case against him and the sentence imposed by the district court. However, we are satisfied that the issues raised are within the scope of Calderon's waiver of the right to appeal, and therefore we decline to consider the merits of these claims.

The relevant language in the plea agreement indicates that Calderon waived the right to appeal both pre-sentencing constitutional claims and any claim regarding a sentence that is within the scope of the district court's discretion under the Sentencing Guidelines.[4] In addition, the district court's Rule 11 colloquy clearly shows that Calderon's waiver of these rights was knowing and voluntary.[5]

Therefore, we need only determine whether the claims raised here are within the scope of this waiver. We conclude that they are. First, Calderon's claim that the Government violated his Fourth Amendment rights in searching his home is clearly waived by Section 3 of the plea agreement, which states that Calderon waived all "constitutional rights which attend a defendant on trial in a criminal case."[6]

_____

[2] Plea Agreement at 2.
[3] **Id.** at 3.
[4] **See United States v. Marin**, 961 F.2d 493, 496 (4th Cir. 1992) (waiver of right to appeal sentence encompasses errors in application of Sentencing Guidelines; only sentences imposed in excess of maximum penalty or based on use of impermissible factor are beyond the scope of such a waiver).
[5] **See** J.A. at 192-94.

[6] Plea Agreement at 2.

Second, Calderon's challenge to his sentence is based on allegations that the district court erred in enhancing his base offense by three levels and deciding not to depart downwardly from the Sentencing Guidelines in computing Calderon's sentence. However, both were matters within the discretion of the sentencing court. As such, they fall within the range of issues that are included within a knowing and voluntary waiver of the right to appeal a sentence. [7] Therefore, appellate review of these issues is foreclosed.

Accordingly, we dismiss Calderon's appeal from his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

DISMISSED

_____

[7] **See Marin**, 961 F.2d at 496.

4