**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-4683**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFRED CHARLES CHUNG,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (CR-99-104)

———————

Submitted:  February 28, 2001          Decided:  March 20, 2001

———————

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Stacey W. Moreau, WILLIAMS, MORRISON, LIGHT & MOREAU, Danville, Virginia, for Appellant.  Robert P. Crouch, Jr., United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alfred Charles Chung pled guilty to one count of illegal re-entry after deportation in violation of 8 U.S.C.A. § 1326(a) (West 1999). Chung now appeals his eighty-month sentence, contending that the district court abused its discretion in ordering that his federal sentence run consecutively to his undischarged state terms of incarceration. After a thorough review of the record, including Chung's plea agreement with the Government and the transcript of his hearing pursuant to Fed. R. Crim. P. 11, we conclude that Chung knowingly and intelligently waived his right to appeal his sentence, which was well below the statutory maximum and at the lower end of the guideline range applicable in his case. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

We therefore find that Chung is barred from asserting his sentencing claim on appeal by virtue of his valid appeal waiver. We dismiss Chung's appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2