**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4357

JEFFREY B. BYRD,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-365)

Submitted: November 26, 2001

Decided: December 19, 2001

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**COUNSEL**

Robert D. Shrader, Jr., STEINGOLD & SHRADER, P.L.C., Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jeffrey B. Byrd appeals the forty-six month sentence and concur-
rent twelve-month sentence he received following his guilty plea to
possession of cocaine base (crack) in violation of 21 U.S.C.A. § 844
(West 1999), and possession of an unregistered firearm in violation
of 26 U.S.C. § 5861(d) (1994). Byrd contends that the district court
erred in applying *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(3)
(2000), in making an enhancement for reckless endangerment, USSG
§ 3C1.2, and in refusing to depart downward under USSG § 4A1.3,
p.s. We affirm in part and dismiss in part.*

Byrd was arrested after he ran a red light in full view of a marked
police patrol car, and then led the police on a short chase at speeds
exceeding seventy-five miles per hour. The chase ended when Byrd
crashed his car. Byrd and a number of passengers in his car escaped
without serious injury. Byrd was in possession of a small amount of
crack. A rifle was found under the driver's seat. In connection with
his plea agreement, Byrd stipulated that he was the driver of the car,
that the rifle had been in his possession and had previously traveled
in interstate commerce, and that it was not registered to him. The rifle
stock had been shortened so that the overall length of the weapon was
twenty-one inches.

We review de novo the district court's determination as to the
guideline applicable to the firearm offense. *United States v. Davis*,
202 F.3d 212, 218 (4th Cir.), *cert. denied*, 530 U.S. 1236 (2000).
Here, § 2K2.1(a)(3) clearly applied to Byrd's conviction for the fire-

---

*The government asserts that Byrd waived his appeal rights under the
plea agreement. However, the government has not established that the
waiver was knowing and voluntary. *United States v. Marin*, 961 F.2d
493, 496 (4th Cir. 1992).

arm offense. Subsection (a)(3) applies to violations of 26 U.S.C. § 5861(d) where, as in this case, the offense involved a firearm described in 26 U.S.C. § 5845(a) and the defendant had at least one prior felony conviction for a crime of violence. Moreover, Byrd stipulated that he had possessed the firearm. The cases Byrd relies on are inapposite because they deal with weapon enhancements under USSG § 2D1.1(b)(1). We find that the district court did not err in determining Byrd's base offense level under § 2K2.1(a)(3).

The district court's determination that Byrd's conduct constituted reckless endangerment is reviewed under the clearly erroneous standard. *United States v. Sloley*, 19 F.3d 149, 154 (4th Cir. 1994). Byrd first maintains incorrectly that § 2K2.1(a)(3) accounted for all his relevant conduct. He next asserts that the record does not establish whether anyone was put in danger during the chase or whether Byrd was the driver of the car. This argument is belied by Byrd's stipulation that he was the driver of the car and by uncontested information in the presentence report that the chase ended when Byrd wrecked the car, thus endangering his passengers. Therefore, the district court did not clearly err in making an adjustment for reckless endangerment.

Last, Byrd argues that the district court abused its discretion when it declined to depart downward. A defendant may obtain review of a district court's decision not to depart downward only when the district court mistakenly believed it lacked authority to depart. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). Byrd does not argue, and the record does not disclose, that the district court failed to understand its authority to depart under § 4A1.3. In denying the departure, the court stated that it did not believe that criminal history category III overstated Byrd's criminal history or experience. Therefore, this portion of the appeal must be dismissed.

We therefore affirm the sentence, but dismiss that portion of the appeal which contests the district court's decision not to depart downward. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*