**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 01-4506

TWAN MILTON REDMOND,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James P. Jones, District Judge.
(CR-00-10095)

Submitted: December 17, 2001

Decided: January 10, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Joseph Graham Painter, Jr., Scott Weber, PAINTER WEBER,
Blacksburg, Virginia, for Appellant. John L. Brownlee, United States
Attorney, Anthony P. Giorno, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Twan Milton Redmond pled guilty to one count of perjury, in violation of 18 U.S.C. § 1621 (1994), and was sentenced to 18 months imprisonment. On appeal, he maintains that his waiver of appeal rights was not knowing and that the disparity in his sentence and that of his co-defendant violates his constitutional rights. We dismiss.

Redmond signed a written plea agreement in which he agreed to waive his right to contest his sentence in any direct appeal or post-conviction proceeding. A defendant may waive the right to appeal if that waiver is knowing and intelligent. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. If the district court fully questions a defendant during the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, regarding the waiver of his right to appeal, generally the waiver is valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991).

The transcript of Redmond's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. The prosecutor summarized the plea agreement, including the terms of the waiver provision. Redmond maintained that he had reviewed the written plea agreement, which he signed, with his attorney. The district court specifically questioned Redmond's understanding that he was waiving his right to appeal his sentence. Redmond stated that he understood he was waiving his right to appeal. Redmond further indicated that he was satisfied with his attorney's representation. On these facts, we find that Redmond's waiver was knowingly and voluntarily given.

We find Redmond's argument that his waiver of appeal rights was not knowing because Fed. R. Crim. P. 11 is unconstitutional wholly

without merit. This Court has consistently approved the knowing and voluntary waiver of a defendant's right of appeal. *See United States v. Marin*, 961 F.2d 493, 495-96 (4th Cir. 1992) (noting there is no constitutional right to appeal and that the statutory right to appeal may be waived if waiver is knowing and voluntary). We further reject Redmond's claim that his plea agreement constituted a "contract of adhesion" thereby rendering his plea unknowing. Redmond negotiated a plea agreement whereby the Government agreed to dismiss the arson count in exchange for his guilty plea. Redmond was similarly situated to every other defendant facing criminal charges. He negotiated a favorable resolution of the charges against him in exchange for his waiver of appeal rights. This does not create a "contract of adhesion."

Redmond knowingly and voluntarily waived his right to appeal his sentence, and Redmond's plea agreement specifically stated that Redmond would not be given "'substantial assistance' credit" pursuant to U.S.S.G. ¶ 5K1.1. The precise issue that Redmond seeks to appeal was resolved in his plea agreement, and thus is plainly within the scope of the agreement's appellate waiver provision. Consequently, we do not address his claim regarding the disparity in his sentence and that of a co-defendant who received a downward departure for substantial assistance. Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*