DENNIS, Circuit Judge,
dissenting:
As I disagree that a person can make an intelligent, knowing waiver of the right to contest constitutional violations before the violations occur, I respectfully dissent. As the Fourth Circuit observed, “[A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court.” United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). Rather, “a defendant’s agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.” United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994). Therefore, a defendant should not be able to waive his right to appeal constitutional violations when he lacks the fundamental ability to be aware of their existence because they have not yet occurred. See United States v. Melancon, 972 F.2d 566, 572 (5th Cir.1992)(Parker, Judge Robert, concurringXA “right can not come into existence until after the judge pronounces sentence; it is only then that the defendant knows what errors ... exist to be appealed, or waived.”)
In addition, while a number of claims might ultimately lack merit, the majority’s approach creates the opportunity for the systematic denial of a defendant’s constitutional rights. If a defendant cannot maintain the right to challenge constitutional violations that occur during sentencing, then the other parties to the sentencing lose a powerful incentive to safeguard these rights.
For these reasons, I would reverse and remand for consideration of the defen- » dant’s claims of constitutional violations during sentencing.