UNITED STATES of America, Plaintiff–Appellee,

v.

Herbert John MARIN, Defendant–Appellant.

No. 90–5737.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 1991.

Decided April 13, 1992.

Anthony George Spencer, Morchower, Luxton & Whaley, Richmond, Va., argued (John W. Luxton, on brief), for defendant-appellant.

N. George Metcalf, Asst. U.S. Atty., Richmond, Va., argued (Henry E. Hudson, U.S. Atty., Monica Kowalski, Third Year Law Intern, on brief), for plaintiff-appellee.

Before RUSSELL, WIDENER, and WILKINS, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

Herbert John Marin pled guilty to four counts of making a materially false statement in connection with the acquisition of firearms, 18 U.S.C.A. § 922(a)(6) (West Supp.1991) and six counts of unlawfully receiving a firearm while under indictment, 18 U.S.C.A. § 922(n) (West Supp.1991). Departing upward from Marin's applicable sentencing guideline range, the district court imposed a sentence of 24 months from which Marin appeals. The Government moved to dismiss this appeal on the ground that Marin waived the right to appeal his sentence. *See* 18 U.S.C.A. § 3742(a) (West 1985 & Supp.1991). Because Marin did waive his right to seek appellate review of his sentence, we dismiss.

### I.

Marin entered a plea agreement with the Government pursuant to which he agreed to plead guilty to various firearms charges. The agreement included an express waiver by Marin of his right to appeal from the sentence imposed by the district court. Additionally, the agreement contained an explicit reservation by the Government of its right to seek an upward departure from the applicable sentencing guideline range.[1]

1. Because familiarity with provisions of the plea agreement is necessary to an understanding of our opinion, we quote at length from pertinent portions of the agreement:

6. Defendant, HERBERT JOHN MARIN, is aware that in some counts of the Criminal Information sentence will be imposed in conformity with the *Federal Sentencing Guidelines and Policy Statement.* Defendant is also aware that the constitutionality of the Guidelines has been challenged on various grounds, that courts have reached differing results in ruling on these challenges, and that the Supreme Court has not yet resolved every issue that might be raised. Defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, Defendant agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense, including a sentence determined under the Sentencing Guidelines. In addition, Defendant, knowing that he has a right of direct appeal of the sentence under 18

U.S.C. § 3742(a) and the grounds listed therein, expressly waives the right to appeal his sentence on those grounds or on any ground.

7. Defendant, HERBERT JOHN MARIN, is also aware that his sentence has not yet been determined by the Court. Defendant is aware that any estimate of probable sentencing range that he may have received from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. Realizing the uncertainty in estimating what sentence he will ultimately receive, Defendant knowingly waives his right to appeal the sentence in exchange for the concessions made by the United States in this agreement.

. . . .

11. It is further understood that even though the defendant fully complies with all conditions of this Plea Agreement and Understanding, the representative of the United States is free to argue at the time of sentencing for an upward departure from the sen-

During the plea colloquy pursuant to Federal Rule of Criminal Procedure 11, an Assistant United States Attorney summarized the plea agreement, including Marin's waiver of his right to appeal and the reservation by the Government of its right to seek an upward departure. The court reviewed the contents of the agreement with Marin, identifying and discussing specifically the provision permitting the Government to advocate an upward departure and inquiring of Marin if he understood this condition. Marin answered that he did. The court then questioned Marin concerning whether he agreed to waive his right to appeal the sentence imposed by the court. Marin replied, "Yes, Your Honor." Later in the exchange, the court inquired if by his signature on the plea agreement Marin intended to indicate his "acceptance, assent, and agreement to every term and phrase and sentence contained in the plea agreement." Marin again responded affirmatively. The court accepted Marin's guilty plea, finding that it was a "knowing and voluntary plea supported by an independent basis in fact."

The presentence report calculated Marin's sentence under United States Sentencing Commission, *Guidelines Manual*, § 2K2.2(a)(2) (Nov.1990), entitled "Unlawful Trafficking and Other Prohibited Transactions Involving Firearms," which called for a base offense level of six. After a five-level enhancement for distribution of 25–49 weapons, U.S.S.G. § 2K2.2(b)(1)(E), and a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), the resulting offense level was nine. Combined with a criminal history category II, the presentence report recommended a guideline range of six to twelve months. Marin, the Government, and the sentencing court agreed that the recommendation contained

in the presentence report was a correct application of the sentencing guidelines.[2]

The Government moved for an upward departure on the basis of the profusion of firearms violations occurring in the Eastern District of Virginia. The district court rejected this ground for departure but announced its decision to depart upward based upon "the quantity of a specific type of weapon (semi-automatic), the destructive nature of the weapons[,] . . . the harm that could be inflicted, [and] selling the weapons for profit." The court then sentenced Marin to 24 months imprisonment.

Marin appeals this sentence principally arguing that the reasons for departure announced by the district court were adequately considered by the United States Sentencing Commission in promulgating the sentencing guidelines and, therefore, do not support the departure. Additionally, Marin contends that the sentencing court, in departing sua sponte, violated Federal Rule of Criminal Procedure 32. He bases his argument on *Burns v. United States*, —— U.S. ——, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991), wherein the Supreme Court held that before a district court may depart upward on a ground not identified in either the presentence report or a submission by the Government, a defendant must be provided notice of and the reasons for the contemplated departure and an opportunity to respond.

## II.

"[I]t is well settled that there is no constitutional right to an appeal." *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). Prior to the enactment of the Sentencing Reform Act of 1984, as amended, 18 U.S.C.A. §§ 3551, *et seq.* (West 1985 & Supp.1991), 28 U.S.C.A. §§ 991–98 (West Supp.1991),

tence recommended by the Sentencing Guidelines, and may present any and all evidence in support of said argument and upward departure.

**2.** We note that Marin's sentence should have been calculated under U.S.S.G. § 2K2.1(a)(2), with a resulting base offense level of 12. After the reduction for acceptance of responsibility,

this offense level combined with criminal history category II, would have resulted in a guideline range of 8–14 months. The Government has not appealed this error and could not in view of the decision of this court in *United States v. Guevara*, 941 F.2d 1299, *reh'g denied*, 949 F.2d 706 (4th Cir.1991), *petition for cert. filed*, 60 U.S.L.W. 3600 (U.S. Feb. 11, 1992) (No. 91–1305).

defendants appealed their sentences under the authority of 28 U.S.C.A. § 1291 (West Supp.1991), which permits the courts of appeals "to review 'all final decisions of the district courts,' both civil and criminal," *Abney,* 431 U.S. at 657, 97 S.Ct. at 2039 (quoting 28 U.S.C.A. § 1291 (West 1966)). But, if the district court imposed a sentence within statutory limits, it was "generally not subject to review." *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). In adopting the Sentencing Reform Act, Congress expanded a defendant's rights to permit the courts of appeals to review a sentence:

> imposed in violation of law; ... imposed as a result of an incorrect application of the sentencing guidelines; ... [that is] greater than the sentence specified in the applicable guideline range[;] ... or ... imposed for an offense for which there is no sentencing guideline and [that] is plainly unreasonable.

18 U.S.C.A. § 3742(a).

Recognizing that " 'defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial,' " this court has upheld the validity of a defendant's waiver of the statutory right to appeal a sentence when the waiver was knowingly and voluntarily made. *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990) (quoting *United States v. Clark,* 865 F.2d 1433, 1437 (4th Cir. 1989)). We have also held that a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver. *United States v. Wessells,* 936 F.2d 165, 168 (4th Cir.1991). Whether a defendant effectively waived his right to appeal is a matter of law that this court reviews de novo. *United States v. Bolinger,* 940 F.2d 478, 479 (9th Cir.1991).

We agree with Marin that a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court.

For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race. However, the sentence that Marin seeks to appeal is not such a sentence. Assuming the district court committed the errors that Marin alleges, his complaints at most rest on an improper application of the guidelines and a violation of a procedural rule.

Our review of the Rule 11 colloquy indicates that the district court questioned Marin at length concerning the waiver of his right to appeal and the reservation by the Government of the right to seek an upward departure. We consider "[t]he plea agreement and the circumstances surrounding its adoption ... wholly sufficient to establish that" Marin knowingly and voluntarily waived his right to appeal. *Wiggins,* 905 F.2d at 54. Consequently, we conclude that appellate review of the sentencing errors raised in this appeal is foreclosed.

DISMISSED.