14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Leroy GARRIS, Defendant-Appellant.
 No. 93-5241.
 United States Court of Appeals, Fourth Circuit.
 Dec. 9, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.
 James B. Craven, III, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Leroy Garris appeals the sentence imposed following his guilty plea to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993), and to using or carrying a firearm in connection with a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1993). We find that the appeal is not precluded by a provision of Garris's plea agreement waiving the right to appeal because the waiver was not effective. After consideration of the issues raised by Garris, we affirm his sentence.
 
 
 2
 The plea agreement contained a provision by which Garris expressly waived the right to appeal his sentence. Such a waiver is valid provided the district court specifically questions the defendant concerning the waiver provision during the Rule 11 colloquy or other evidence in the record establishes that the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). Here, there was no mention of the waiver provision during the plea colloquy, nor is there anything else in the record to provide assurance that Garris understood the significance of the waiver. See United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992) (defendant's educational background and extensive discussion of agreement with counsel showed knowing and voluntary waiver).
 
 
 3
 Garris was arrested by state authorities in March 1992 as he was on his way to meet a confidential informant who had arranged to buy crack cocaine from him. In a consensual search of his residence, more crack and a .357 revolver were discovered. For several months, Garris cooperated with state law enforcement officials. In August 1992, he was indicted on federal charges, but remained at liberty. During a suppression hearing in October 1992, the government offered evidence that Garris threatened Detective T.L. Phelps of the Winston-Salem Police Department, a government witness, as they were leaving the courtroom for a brief continuance. Phelps testified that Garris said to him, "Boy, you gonna get it for this." Phelps had previously testified about a confidential informant's controlled buys of drugs from Garris. The district court ordered Garris detained.
 
 
 4
 After his guilty plea in December 1992, Garris objected to the probation officer's recommendation that he receive a sentence enhancement for obstruction of justice, United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1992), and no more than a two-level reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. Although Garris testified at the sentencing hearing that he said to Detective Phelps, "Man, you know this is not right," the district court found that Garris had obstructed justice and further found that he had not earned a three-level reduction for acceptance of responsibility because he had not entered a timely guilty plea.
 
 
 5
 Given that the district court credited the government's evidence that Garris threatened Detective Phelps, we find that the enhancement for obstruction of justice was not clearly erroneous. U.S.S.G. Sec. 3C1.1, comment. (n.3(a)). Under the applicable guideline, a three-level reduction for acceptance of responsibility may be earned by a defendant who provides timely information about his own involvement in the offense or who enters a timely guilty plea. U.S.S.G. Sec. 3E1.1(b). Garris admitted his drug involvement early on* and provided some assistance to authorities; in recognition of this assistance, he received a downward departure for substantial assistance. At the same time, after his indictment on federal charges, he denied any guilt on the gun charge, made preparations to go to trial which included the suppression hearing, and threatened Detective Phelps. A defendant who obstructs justice does not usually receive any reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n.4). We find that denial of the extra reduction was not clearly erroneous in these circumstances.
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 He had little choice after making a drug sale to an informant and being arrested on his way to another meeting with drugs in his car