14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Michael BERRY, Jr., Defendant-Appellant.
 No. 92-5873.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 3, 1993.
Decided December 21, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.$ $AT1 David S. Bracken, for Appellant.
 Kenneth E. Melson, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, for Appellee.
 E.D.Va.
 DISMISSED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 Gerald Michael Berry, Jr., seeks to appeal the sentence imposed after his guilty plea to bank fraud, 18 U.S.C.A.Sec. 1344 (West Supp.1993). He asserts that a waiver of appellate rights in his plea agreement was ineffective, and contests the district court's determination of the amount of loss involved. We hold that the waiver was effective and dismiss the appeal.
 
 
 2
 Berry's eleven-page plea agreement contained a specific waiver of his right to appeal his sentence. Attached to the signed agreement was an additional page on which Berry and his attorney separately stated that they had carefully reviewed every portion of the agreement, that Berry understood his rights under the federal sentencing guidelines, and that his decision to enter the agreement was voluntary. No reference was made to the waiver provision, nor was Berry questioned about it, or any reference made to it, during Berry's Rule 11 hearing. The record reflects, however, that Berry was 27 years old, had attended college for at least two years, and was employed as a commercial loan officer.
 
 
 3
 We have held that a defendant may waive his right to appeal his sentence if the waiver is made knowingly and voluntarily. To establish the waiver as knowing and voluntary, the district court must specifically question the defendant about the waiver provision of the plea agreement during the Rule 11 proceeding, or there must be other facts and circumstances appearing in the record which indicate that the waiver was knowing and intelligent. United States v. Marin, 961 F.2d 493 (4th Cir.1992). Whether the defendant has effectively waived his appeal rights is a legal question which is reviewed de novo. Id.
 
 
 4
 In United States v. Davis, 954 F.2d 182 (4th Cir.1992), we found an effective waiver, even though the district court did not question the defendant about the waiver provision, because Davis's educational background and extensive discussions with counsel precluded a finding that the waiver was other than knowing and intelligent. Berry's educational and vocational background establish that he has intelligence and is not an unsophisticated defendant who is incapable of understanding the terms of his plea agreement. On the balance, the facts and circumstances and the acknowledgements by Berry and his attorney demonstrate that Berry knowingly and voluntarily waived his right to appeal his sentence.*
 
 
 5
 We therefore dismiss Berry's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 We note, however, that even if the waiver provision was ineffective, the district court's sentence should nonetheless be affirmed. In 1991, Berry was a loan officer at the Jefferson National Savings Bank in Dumfries, Virginia. His lending limit was $25,000. Berry made a $25,000 loan to himself in May 1991, using a false name (A.J. Johnson), a false address, and a false Social Security number. In September 1991, Berry was approached by John Clauson, who was seeking a $100,000 loan. Berry made an initial loan of $25,000 to Clauson, followed by a $25,000 loan to Mrs. Clauson, a $25,000 loan to "John Ritz," using a false Social Security number, and a final $15,000 loan to John Clauson. Berry stipulated that John Clauson received all the proceeds of these loans, which were subsequently defaulted
 Berry contends that the first two loans he made to John Clauson and to Cynthia Clauson were both legitimate and that neither should be included in the loss valuation under guideline section 2F1.1. He admitted in his memorandum on sentencing factors, however, that when Clauson requested a second loan, Berry suggested the loan to Cynthia Clauson instead. The loan to her was thus part of the scheme to defraud the bank by loaning John Clauson more than Berry was authorized to loan, and should be included in the loss total. When the first loan to John Clauson is excluded, the amount fraudulently loaned by Berry to himself and to the Clausons is over $70,000, making a six-level enhancement under section 2F1.1(b)(1)(G) not clearly erroneous.