97 F.3d 1450
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Garrett C. VICK, Defendant--Appellant.
 No. 95-5794.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1996
Decided Sept. 30, 1996
 
 Sydney K.L. West, HORNE, WEST & MCMURTRIE, Gloucester, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Garrett C. Vick entered a guilty plea to distributing 9.748 grams of crack cocaine in violation of 21 U.S.C.A. § 841(a), (b) (West 1981 & Supp.1996), and 18 U.S.C. § 2 (1988). The district court sentenced Vick to fifty-one months incarceration, ordered five years of supervised release, and imposed a $50 special assessment. In his plea agreement, Vick agreed to waive his right to appeal any sentence within the statutory maximum on any ground. Vick now seeks to appeal his sentence by challenging the constitutionality of the 100-to-1 ratio of crack to powder cocaine. We dismiss the appeal.
 
 
 2
 During the Fed.R.Crim.P. 11 hearing, the court questioned Vick about the waiver provision contained in the plea agreement, and Vick stated that he understood the provision. A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). For a waiver to be knowing and voluntary, the district court should specifically question the defendant about the waiver provision before accepting his plea. Whether the waiver is effective is a legal question reviewed de novo. Id. Based on Vick's statements at the plea colloquy, we find that the waiver was made knowingly and voluntarily.
 
 
 3
 We therefore dismiss the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 
 *
 Had we found that the waiver was ineffective, we would affirm the sentence. See United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir.1996) (holding that statute providing higher penalties for cocaine base than cocaine powder not unconstitutional and finding that recent report by United States Sentencing Commission, rejected by Congress, did not change court's view of crack-to-powder sentencing disparity)