**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-5794**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARRETT C. VICK,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (CR-95-19)

---

Submitted:  September 20, 1996     Decided:  September 30, 1996

---

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Sydney K. L. West, HORNE, WEST & MCMURTRIE, Gloucester, Virginia, for Appellant.  Helen F. Fahey, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Garrett C. Vick entered a guilty plea to distributing 9.748 grams of crack cocaine in violation of 21 U.S.C.A. § 841(a), (b) (West 1981 & Supp. 1996), and 18 U.S.C. § 2 (1988). The district court sentenced Vick to fifty-one months incarceration, ordered five years of supervised release, and imposed a $50 special assessment. In his plea agreement, Vick agreed to waive his right to appeal any sentence within the statutory maximum on any ground. Vick now seeks to appeal his sentence by challenging the constitutionality of the 100-to-1 ratio of crack to powder cocaine. We dismiss the appeal.

During the Fed. R. Crim. P. 11 hearing, the court questioned Vick about the waiver provision contained in the plea agreement, and Vick stated that he understood the provision. A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). For a waiver to be knowing and voluntary, the district court should specifically question the defendant about the waiver provision before accepting his plea. Whether the waiver is effective is a legal question reviewed de novo. Id. Based on Vick's statements at the plea colloquy, we find that the waiver was made knowingly and voluntarily.

We therefore dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Had we found that the waiver was ineffective, we would affirm the sentence. See United States v. Hayden, 85 F.3d 153, 157–58 (4th Cir. 1996) (holding that statute providing higher penalties for cocaine base than cocaine powder not unconstitutional and finding that recent report by United States Sentencing Commission, rejected by Congress, did not change court's view of crack-to-powder sentencing disparity).