UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                   No. 95-5851

MIKEL ENNIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CR-95-192)

Submitted: September 24, 1996

Decided: November 20, 1996

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Katharine J. Armentrout, Assis-
tant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mikel Ennis seeks to appeal the 90-month sentence he received after he pled guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1996). He contends that the district court plainly erred in awarding him two criminal history points under USSG § 4A1.1(b)* for a prior sentence of 60 days home detention with electronic monitoring followed by a term of probation. The government argues that Ennis validly waived his appeal rights. We agree and dismiss the appeal.

Ennis' plea agreement contained a provision waiving his right to appeal a sentence within the guideline range, "including any issues that relate to the establishment of the guideline range." A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. A valid waiver bars an appeal based on improper application of the sentencing guidelines. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver is not knowing and voluntary if the district court fails to question the defendant about it during the Rule 11 colloquy unless the record otherwise discloses that he was aware of its full significance. Id. Whether a defendant effectively waived his right to appeal is a matter of law that this court reviews de novo. Id.

Here, while the district court did not question Ennis about the waiver during the Rule 11 hearing, Ennis acknowledged that he had reviewed the entire agreement with his lawyer and that certain matters were left open for determination by the district court. In addition, Ennis had prior convictions both in state court and federal court. Therefore, we find that the circumstances surrounding the waiver disclose that Ennis fully appreciated its significance. We find the waiver effective and dismiss the appeal.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

We deny Ennis' request for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3