UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-4179

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH ARDELL WHALEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, Chief District Judge. (CR-97-22)

Submitted: September 15, 1998      Decided: October 7, 1998

Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dean R. Davis, Wilmington, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Ardell Whaley pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846 (1994). Whaley was subsequently sentenced to 46 months' imprisonment and an ensuing five-year term of supervised release. In his plea agreement, Whaley agreed to waive his right to appeal whatever sentence the district court imposed including any issues that relate to the establishment of the Guideline range. On appeal, Whaley alleges that his sentence was unjustifiably harsh compared to the probationary sentence received by his co-defendant who allegedly had a greater involvement in the drug conspiracy. He maintains that this disproportionate sentence is due primarily to the Government's failure to provide him an adequate opportunity to furnish substantial assistance so that he, like his co-defendant, could have also received a downward departure. He was, however, interviewed by a government agent and had the opportunity to provide information. We dismiss Whaley's appeal.[*]

During the Fed. R. Crim. P. 11 hearing, the court questioned Whaley about the waiver provision contained in the plea agreement, and Whaley stated that he understood the provision. A defendant may

---

[*] The Government's argument that Whaley's notice of appeal was untimely filed is without merit. Because the last day of the appeal period fell on a Sunday, Whaley's notice of appeal was properly filed the next day. See Fed. R. App. P. 26(a).

waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. <u>See</u> <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). For a waiver to be knowing and voluntary, the district court should specifically question the defendant about the waiver provision before accepting his plea. Whether the waiver is effective is a legal question reviewed de novo. <u>See</u> <u>id.</u> Based on Whaley's statements at the plea colloquy, we find that the waiver was made knowingly and voluntarily.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>