Rehearing granted, February 3, 2003

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

MARK J. HAGEDORN,
  *Defendant-Appellant.*

No. 02-4293

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-01-114)

Submitted: October 23, 2002

Decided: December 16, 2002

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Oldric J. Labell, Jr., Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Ryan R. McKinstry, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Mark J. Hagedorn appeals his federal conviction for driving under the influence in violation of Va. Code Ann. § 18.2-266 (Michie 2001), as assimilated under 18 U.S.C. §§ 7, 13 (2000). He claims that there was insufficient evidence to support his identification as the driver of a vehicle involved in a roll-over accident at Fort Eustis, Virginia. He also claims that the district court violated his Fifth Amendment right against self-incrimination by inferring an admission that he was the driver of the vehicle by remaining silent in the face of being advised of Virginia's implied consent statute applicable to drivers. *See* Va. Code Ann. § 18.2-268.2 (Michie 2001).

Taking Hagedorn's constitutional claim first, we review this matter de novo as it involves solely a question of law. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). The magistrate judge considered Hagedorn's silence after being advised of the implied consent statute as an admission that Hagedorn was, in fact, the driver. The Government argues this inference is permissible because of the constitutionality of the use of defendants' incriminating statements relating to refusals to submit to blood and alcohol tests. *See South Dakota v. Neville*, 459 U.S. 553, 566 (1983) (upholding against a Fifth Amendment challenge the use of a defendant's statement refusing to submit to breath test in a subsequent prosecution for refusal). We reject this reasoning. Hagedorn's silence did not amount to a refusal. Indeed, he consented to the breath test, and the results were ultimately used against him at trial. Rather, Hagedorn merely exercised his right to decline to speak when advised of the implied consent laws applicable to motorists. We cannot agree that silence under such circumstances constitutes an admission of culpability. *See, e.g.*, *Miranda v. Arizona*, 384 U.S. 436, 468 n.37 (1966).

Nevertheless, we find the error harmless because sufficient independent evidence established Hagedorn's identity as the driver. Hagedorn disputes this finding, but at this stage of the proceedings we are commanded to uphold the verdict if, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser*

*v. United States*, 315 U.S. 60, 80 (1942). Although the Government did not directly identify Hagedorn as the driver of the vehicle, a full reading of the testimony of witness Jennifer Lippincott provides the necessary identification. On questioning from defense counsel regarding a conversation she had with "the driver," Lippincott referred to an interchange that earlier in her testimony she had recounted as having transpired between herself and Hagedorn. Accordingly, we conclude a reasonable trier of fact could find sufficient evidence to support the verdict.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*