**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-4222

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAL WILLIAMS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge. (CR-03-54)

———————

Submitted:  October 19, 2005          Decided:  November 8, 2005

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamal Williams pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000), and was sentenced to 100 months in prison.  He now appeals. The United States has moved to dismiss the appeal, based on Williams' waiver of his appellate rights.  Williams opposes the motion.  We find that the appeal waiver is valid and enforceable and the issue Williams seeks to raise on appeal lies within the scope of the waiver.  We therefore grant the United States' motion and dismiss the appeal.

Williams signed a written plea agreement containing the following provision:

> The Defendant agrees . . . [t]o knowingly and expressly waive all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing.

The plea agreement set forth the minimum and maximum sentence that Williams faced and made clear that the sentencing guidelines applied and that the court would apply a sentence within the guidelines unless there was a basis for departure.

At Williams' arraignment, the district court ascertained that Williams was thirty-two years old and had a ninth grade education.  He was not under the influence of drugs or alcohol. The court identified the rights that Williams waived by pleading

guilty, and specifically mentioned the right to appeal. Williams informed the court that he understood the court's explanation of the waiver. The court ascertained that Williams understood the charges against him, the applicable penalties, and the mandatory nature of the sentencing guidelines. Williams represented to the court that he was satisfied with his attorney's services and that he had voluntarily entered into the plea agreement. He stated that he was guilty of the offense charged. After hearing the Government's proffer, the district court concluded that Williams had knowingly and voluntarily entered his plea, which was supported by an independent factual basis. The court accordingly adjudged Williams guilty.

At sentencing, the district court adopted the presentence report, determined that Williams' guideline range was 100-120 months, and sentenced him to 100 months in prison. Williams appeals, contending that the district court violated the Sixth Amendment when it increased his offense level based upon the number of firearms involved in the offense and because one firearm had an obliterated serial number. The United States moves to dismiss the appeal, contending that Williams validly waived his right to appeal this issue.

This case is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea

agreement was enforceable after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Blick, 408 F.3d at 169. After deciding that it was, we considered whether the issues raised on appeal were within the scope of that motion. Because they were, we dismissed the appeal. Blick, 408 F.3d at 169-73.

This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Williams' waiver was clearly knowing and voluntary. He was thirty-two and was not under the influence of drugs or alcohol when he entered his plea. The district judge questioned him about the waiver of his appellate rights, and Williams stated that he understood what rights he was waiving. The details of the waiver were clearly set forth in the written plea agreement.

In his plea agreement, Williams reserved the right to appeal an upward departure from his guideline range. Here, he attempts to challenge the calculation of his offense level as violative of his Sixth Amendment rights. This issue lies within the scope of the appellate waiver. Under <u>Blick</u>, the matter is not reviewable on appeal.

We therefore grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
