**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4584**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHRISTOPHER SCOTT THOMPSON,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Richard L. Voorhees,
District Judge.  (CR-03-92)

_____

Submitted:  December 22, 2005        Decided:  February 1, 2006

_____

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Lucky T. Osho, LAW OFFICE OF LUCKY T. OSHO, Charlotte, North
Carolina, for Appellant.  Robert John Gleason, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Christopher Scott Thompson pled guilty to three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and one count of receipt of firearms while under indictment, in violation of 18 U.S.C. § 922(n) (2000). He was sentenced to eighty-seven months in prison for each § 922(g)(1) offense and sixty months in prison for the § 922(n) offense. The sentences run concurrently. He now appeals. The United States has moved to dismiss the appeal, based on Thompson's waiver of his appellate rights. Thompson opposes the motion. We find that the appeal waiver is valid and enforceable and the issue Thompson seeks to raise on appeal lies within the scope of the waiver. We therefore grant the United States' motion and dismiss the appeal.

Thompson signed a written plea agreement containing the following provision:

> Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent defendant contests the sentence that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals.

The plea agreement set forth the maximum sentence that Thompson faced and made clear that the sentencing guidelines applied.

At Thompson's arraignment, the district court ascertained that Thompson was not under the influence of drugs or alcohol. The court identified the rights that Thompson waived by pleading guilty, and specifically mentioned waiver of the right to appeal. Thompson informed the court that he understood the court's explanation of the waiver. The court ascertained that Thompson understood the charges against him, the applicable penalties that he faced, and that the sentencing guidelines applied. Thompson represented to the court that he was satisfied with his attorney's services and that he had voluntarily entered into the plea agreement. He stated that he was guilty of the offenses charged. The court concluded that Thompson had knowingly and voluntarily entered his plea, and the court accepted the plea.

Thompson's probation officer prepared a presentence report. The base offense level was 22. Two levels were added because seven firearms were involved, two levels were added because the offense involved a destructive device, four levels were added because Thompson possessed a firearm in connection with another felony offense — manufacturing marijuana, and three levels were subtracted for acceptance of responsibility. His total offense level therefore was 27. His criminal history category was III, and his resulting guideline range was 87-108 months in prison.

Thompson raised Sixth Amendment objections to the presentence report under United States v. Booker, 543 U.S. 220 (2005), complaining particularly about the four-level increase.

At sentencing, the district court ascertained that there was a factual basis for the plea, and reaffirmed the acceptance of the plea agreement. The court treated the guidelines as advisory and sentenced Thompson under 18 U.S.C. § 3553(e) (2000) to eighty-seven months on each of the § 922(g)(1) convictions and sixty months on the § 922(n) conviction. The sentences run concurrently. Thompson appeals, contending that the district court violated the Sixth Amendment when it increased his offense level by four levels based upon his possession of a firearm in connection with marijuana manufacturing. The United States moves to dismiss the appeal, contending that Thompson validly waived his right to appeal this issue.

This case is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea agreement was enforceable after Booker. We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Blick, 408 F.3d at 169. After deciding that it was, we considered whether the issues raised on appeal were within the scope of that waiver. Because they were, we dismissed the appeal. Blick, 408 F.3d at 169-73.

- 4 -

This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Thompson's waiver was clearly knowing and voluntary. Thompson was born in 1967. He had had past experience with the criminal justice system, and he was not under the influence of drugs or alcohol when he entered his plea. The district judge questioned him about the waiver of his appellate rights, and Thompson stated that he understood the waiver. The details of the waiver were clearly set forth in the written plea agreement.

Thompson's plea agreement permits him to appeal his sentence only in extremely limited circumstances which are not present here. First, the district court has not certified the Booker issue to this court for review. Second, the judicial findings that Thompson seeks to contest are not inconsistent with any paragraph in the plea agreement. Thompson's claim that his

- 5 -

sentence violates the Sixth Amendment under <u>Booker</u> thus lies within the scope of the appellate waiver and, under <u>Blick</u>, the matter is not reviewable on appeal.

We therefore grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>