**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4091**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD GRAY SPEAKS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-04-262)

———————

Submitted:  November 30, 2006      Decided:  December 28, 2006

———————

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Gray Speaks pled guilty to conspiracy to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000). Prior to the issuance of United States v. Booker, 543 U.S. 220 (2005), the district court sentenced Speaks to 219 months' imprisonment. Speaks timely appealed. He contends his sentence violates Booker because the district court sentenced him based on facts not alleged in the indictment, admitted by Speaks, or found by a jury beyond a reasonable doubt. Further, he contends the district court treated the sentencing guidelines as mandatory, in violation of Booker. The Government asserts Speaks waived his right to appeal the sentence by executing a valid and enforceable plea agreement containing a waiver of appellate rights. We agree and dismiss the appeal for that reason.

In paragraph 5 of his plea agreement, Speaks waived his right to appeal "the conviction and whatever sentence is imposed." A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (determining whether a waiver is knowing and intelligent by examining the background, experience, and conduct of the defendant). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the

- 2 -

Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Blick, 408 F.3d at 168.

The district court fully complied with the requirements of Rule 11 during the plea colloquy, and Speaks' waiver of appellate rights was knowing and intelligent. Furthermore, a plea agreement's appellate waiver accepted prior to Booker is not invalidated by the Booker decision. Blick, 408 F.3d at 170-73; see also Johnson, 410 F.3d at 150-52 (rejecting the argument that a defendant cannot waive the right to an appeal based on subsequent changes in the law). We therefore conclude that Speaks' appellate waiver is valid and enforceable.

The appellate waiver contained four exceptions, including situations in which the sentence was imposed in excess of the statutory maximum or based on an impermissible factor. Furthermore, we have held that a defendant's valid waiver of his right to appeal does not prevent "appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race,." See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Speaks, however, was not sentenced above the statutory maximum for his offense, and he has not alleged his sentence was based on any impermissible factor recognized by this court.  The statutory range for Speaks' offense was twenty years to life imprisonment under 21 U.S.C. § 841(b)(1)(A) (2000).  Speaks received a sentence below the statutory minimum by virtue of the Government's 18 U.S.C. § 3553(e) (2000) motion for a downward departure in light of Speaks' substantial assistance.

We therefore dismiss Speaks' appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 4 -