**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-5201**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY WELLS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:05-cr-00032-3; 3:06-cr-00045)

―――――――――

Submitted:  September 28, 2007      Decided:  October 15, 2007

―――――――――

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina,
for Appellant.  Gretchen C. F. Shappert, United States Attorney,
Charlotte, North Carolina, Amy E. Ray, Assistant United States
Attorney, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Tony Wells pled guilty to conspiracy to manufacture and to possess with intent to distribute methamphetamine. Pursuant to a second plea agreement, Wells subsequently pled guilty to witness tampering. Wells received concurrent 235-month sentences. He appeals, arguing that his guilty pleas were unknowing and involuntary and his sentence unreasonable. The United States responds that because Wells validly waived his right to appeal, we should enforce the waiver and dismiss the appeal. We conclude that Wells validly waived his appellate rights, and we dismiss the appeal.


I

Wells signed written plea agreements that clearly set forth in separate paragraphs the terms of his appellate waiver. In each agreement, Wells waived his right to appeal his conviction and sentence, reserving the right to raise any of the following claims on appeal: counsel was ineffective; there was prosecutorial misconduct; an unanticipated issue arose at sentencing that the district court certified as requiring review by this court; and a finding on a guideline issue was inconsistent with explicit stipulations in the plea agreement. At each arraignment, the prosecutor summarized the pertinent plea agreement and explicitly mentioned the waiver provision. When questioned, Wells in each

case informed the court that the summary was accurate. The court in each case also inquired of Wells whether he had waived his right to appeal, and Wells replied that he had.

The district court sentenced Wells to concurrent 235-month sentences. This appeal followed.

II

This case is governed by our decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate-rights provision in a plea agreement was enforceable after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Blick, 408 F.3d at 169. After deciding that it was, we considered whether the issues raised on appeal were within the scope of that motion. Because they were, we dismissed the appeal. Blick, 408 F.3d at 169-73.

This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant

about it, <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary.  <u>Davis</u>, 954 F.2d at 186.

Here, Wells' waivers were clearly knowing and voluntary. Wells was born in 1966 and had rather extensive experience with the criminal justice system.  The waiver-of-appellate-rights provision was specifically addressed at each arraignment, and each plea agreement clearly set forth the details of the waiver.[*]

Wells contends on appeal that his sentence is unreasonable because he was not awarded a variance or downward departure from his properly calculated advisory guideline range. He states that he was entitled to a departure or variance because: he was debriefed and available to testify following his indictment for witness tampering; he was entitled to but did not receive a reduction in his offense level based on acceptance of responsibility; he voluntarily disclosed that he had manufactured methamphetamine in a residence where minors were present; he had completed a substance abuse program; he had been baptized; and family members had serious medical problems requiring his

---

[*]We reject Wells' claim that, with respect to the witness tampering charge, his plea was involuntary because the Government gave nothing in return for the plea.  First, Wells cites no case law in support of the proposition that a guilty plea is void for lack of consideration.  In any event, we note that, in the plea agreement, the Government promised that "Nothing that the defendant discloses pursuant to this Plea Agreement will be used against him in any other criminal proceeding, subject to [certain exceptions]."

- 4 -

attention.  These issues lie within the scope of the waiver and, under <u>Blick</u>, they are not reviewable on appeal.

We therefore dismiss the appeal.  We also deny Wells' motion to authorize preparation of a transcript at government expense and for production of documents.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>