**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4012**

———————————

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

BRANDON O'NEIL HALL,

　　　　　　Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.　Deborah K. Chasanow, District Judge.
(8:06-cr-00028-DKC-9)

———————————

Submitted:　August 8, 2008　　　　Decided:　September 9, 2008

———————————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Warren E. Gorman, Chevy Chase, Maryland, for Appellant.　Rod J.
Rosenstein, United States Attorney, Barbara S. Skalla, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon O'Neil Hall pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. Hall's plea agreement reads: "Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted offense level of **35**." (SJA 137, emphasis in original). The district court conducted Hall's plea hearing in compliance with Fed. R. Crim. P. 11 and specifically reviewed Hall's above waiver. Hall was sentenced to 135 months of imprisonment, based on an offense level of 33.

Hall appeals, alleging that the district court erred by failing to give him a sentence reduction under the "safety valve" provision of the advisory Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 5C1.2 (2006). The Government responds that Hall has waived his right to contest his sentence. For the reasons that follow, we dismiss the appeal.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A defendant may waive the right to appeal if that waiver is a knowing and intelligent decision to forgo the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Our review of the plea hearing reveals that

Hall knowingly and voluntarily waived his right to appeal his instant sentence. <u>Broughton-Jones</u>, 71 F.3d at 1146. The district court fully questioned Hall regarding his waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy at his plea hearing, <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991), and based on an evaluation of the totality of the circumstances, we find the waiver enforceable. <u>United States v. General</u>, 278 F.3d 389, 400 (4th Cir. 2002).

Accordingly, because Hall has waived his right to contest his 135-month sentence on appeal and he raises no issues falling outside the scope of that waiver, we dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>