**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4433**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ELISHA RIGGLEMAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:11-cr-00124-1)

Submitted:  October 18, 2013      Decided:  October 24, 2013

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Gregory J. Campbell, CAMPBELL LAW OFFICE, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Debbie H. Stevens, Special Assistant United States Attorney, Beaver, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elisha Riggleman pled guilty pursuant to a plea agreement to one count of threatening to kidnap and assault a federal officer, in violation of 18 U.S.C.A. § 115(a)(1)(B) (West 2000 & Supp. 2013). On appeal, he challenges the district court's decision not to give him credit for acceptance of responsibility under the Sentencing Guidelines. He also challenges the magistrate judge's order denying his motions seeking to disqualify the Special Assistant United States Attorney. Riggleman also claims that the district court judge was not neutral or impartial. We dismiss in part and affirm in part.

As the Government notes, in his plea agreement, Riggleman waived his right to appeal his sentence. We review the validity of an appeal waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the Government seeks to enforce an appeal waiver, as it does in this case, and did not breach its obligations under the plea agreement, we will enforce the waiver if the defendant's waiver was knowing and intelligent and the issues raised on appeal fall within the scope of the agreement. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). To determine whether an appeal waiver is knowingly and intelligently entered, we examine the totality of the circumstances, including the defendant's

2

experience, conduct, educational background, and familiarity with the agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). "An appeal waiver 'is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.'" United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (quoting United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

Riggleman waived his right to "seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742." (Joint Appendix at 140). We note that the Government fully complied with its obligations under the plea agreement. Also, the district court specifically questioned Riggleman about the written appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." See Blick, 408 F.3d at 169. Accordingly, we will enforce the appeal waiver.

Riggleman's challenge to the district court's decision not to give him credit for acceptance of responsibility is a

3

challenge to the manner in which his sentence was determined. Accordingly, because this issue is within the scope of the enforceable appeal waiver we will not review it and dismiss the appeal in part.

We will also not review Riggleman's challenge to the magistrate judge's order denying his motions seeking to disqualify the Special Assistant United States Attorney. Federal Rules of Criminal Procedure 59(a) requires that a party object to a magistrate judge's determination on "any matter that does not dispose of a charge or defense" within fourteen days after being served with a copy of the written order or after the oral order is stated on the record. Fed. R. Crim. P. 59(a). "Failure to object in accordance with this rule waives a party's right to review." Id.

Riggleman never appealed the magistrate judge's ruling to the district court. Accordingly, Riggleman has waived appellate review of this issue. Id.; United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984) ("We do not believe . . . that the [Federal Magistrates] Act can be interpreted to permit a party . . . to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals."). Thus, we will dismiss in part the appeal based on Riggleman's failure to object to the magistrate judge's order.

4

Riggleman also contends that the sentencing judge was not neutral or impartial. Arguably, this issue falls outside the scope of the appeal waiver. Nevertheless, there is nothing in the record that supports Riggleman's claim. Accordingly, we affirm in part.

We affirm in part and dismiss in part the appeal from the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5