**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4295**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT PAIGE PETERSON, a/k/a Robbie,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, Chief District Judge.  (5:12-cr-00020-JPB-JES-3)

Submitted:  October 24, 2013          Decided:  November 7, 2013

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Randolph J. Bernard, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Peterson pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute Schedule I and II Controlled Substances, in violation of 21 U.S.C. §§ 841(b)(1)(c), 846 (2006). He appeals, claiming that the government breached the plea agreement by failing to move for a downward departure pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5K1.1 (2012). The Government has moved to dismiss the appeal based on the waiver in the plea agreement. For the reasons that follow, we dismiss the appeal.

Where the government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, the court will enforce the waiver if the defendant's waiver was knowing and intelligent and the issues raised on appeal fall within the scope of the agreement. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). To determine whether an appeal waiver is knowingly and intelligently entered, the court examines the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). "An appeal waiver 'is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the

2

waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.'" United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (quoting United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

However, this court "will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver." United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). The party alleging that the Government breached the plea agreement bears the burden of showing by a preponderance of the evidence that a breach occurred. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Peterson did not raise a claim that the Government breached the plea agreement in the district court, this court's review is for plain error. Puckett v. United States, 556 U.S. 129, 134-36 (2009). To prevail under this standard, Peterson must show not only that the Government plainly breached the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks and alteration omitted).

3

We have reviewed the record and conclude that there was no breach, plain or otherwise. The plea agreement contained no promise by the Government to move for a § 5K1.1 reduction and, at his plea hearing, Peterson acknowledged that there was no such stipulation or agreement.

Given that there was no breach of the plea agreement, the question is whether Peterson's appeal is barred by the appellate waiver contained in his plea agreement. We find that it is. The district court specifically questioned Peterson about the written appellate waiver and confirmed that Peterson understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." See Blick, 408 F.3d at 169. Because Peterson raises no claim outside the scope of the waiver, we find that the waiver is valid and enforceable. Therefore, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4