**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4999**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES SCOTT LEGETTE, a/k/a Mr. C.,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CR-04-484)

―――――――――

Submitted:  June 23, 2005              Decided:  June 28, 2005

―――――――――

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Jonathan S. Gasser, Acting United
States Attorney, Rose Mary Parham, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Scott Legette pled guilty pursuant to a plea agreement to one count of possessing a firearm and ammunition after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2000) and to one count of possessing with intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1), (b)(1)(D) (2000). Legette was sentenced to thirty months' imprisonment. Legette argues on appeal that the district court erred by applying the federal sentencing guidelines as mandatory under United States v. Booker, 125 S. Ct. 738 (2005). We do not reach the merits of Legette's claim because Legette agreed to be sentenced under the United States Sentencing Guidelines and waived all constitutional challenges to the sentencing guidelines in his plea agreement. Therefore, we affirm his conviction and sentence.

Whether the defendant has effectively waived his right to appeal is an issue we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). When the United States seeks to enforce a waiver provision, as it does here, this Court "will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, ___ F.3d ___, 2005 WL 1252617 (4th Cir. May 27, 2005) (No. 04-4887).

Here, the court specifically queried Legette and his attorney with regard to the plea agreement in general and the specific provision that stated Legette waived all constitutional challenges to the sentencing guidelines. Legette's attorney stated he believed Legette understood the plea provision. Legette himself acknowledged that he understood all the terms of the agreement. The court found that Legette's guilty plea was "knowing" and "voluntary." Finally, we find that the meaning of the plea agreement and the waiver provision is clear. We conclude, therefore, the waiver is valid.

Next we must determine whether Legette's challenge to his sentence under Booker falls within the scope of the waiver. The applicable provision states that Legette agrees "to have his sentence determined pursuant to the United States Sentencing Guidelines and waive[s] any right to have facts that determine his offense level under the Guidelines . . . presented to a grand jury, alleged in an indictment, and found by a jury beyond a reasonable doubt." And the final sentence provides "[t]he [d]efendant further agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines." We further note that the court referred to this paragraph as the "Blakely provision," referring to Blakely v. Washington, 124 S. Ct. 2531 (2004), the precursor to Booker. We find that the waiver provision contemplates the precise issue that Legette is now asserting. Accordingly, we conclude that

- 3 -

Legette's waiver is valid and that the issues he has raised on appeal are within the scope of the waiver.  We, therefore, affirm his conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>