**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4869**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEPHEN MICHAEL ROOKS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge. (CR-04-25)

Submitted:  August 31, 2005          Decided:  November 1, 2005

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, James E. Todd, Jr., Research & Writing Attorney, Raleigh, North Carolina, for Appellant. Christine Witcover Dean, Anne Margaret Hayes, Winnie Jordan Reaves, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen Michael Rooks pleaded guilty to one count of distribution of more than fifty grams of crack, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to 120 months in prison. He now appeals. The United States moves to dismiss the appeal based on Rooks' waiver of his appellate rights in his plea agreement. We grant the motion and dismiss the appeal.

Rooks signed a written plea agreement containing the following provision:

> The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing.

The plea agreement set forth the minimum and maximum sentence that Rooks faced, made clear that the sentencing guidelines applied, and stated that the court would apply a sentence within the guidelines unless there was a basis for departure.

At Rooks' Fed. R. Crim. P. 11 hearing, the district court ascertained that Rooks was twenty-one years old and a high school graduate. He was not under the influence of drugs or alcohol. The court identified the rights that Rooks waived by pleading guilty, and specifically mentioned the right to appeal. Rooks informed the court that he understood the court's explanation of the rights he was waiving by pleading guilty. The court ascertained that Rooks

understood the charges against him, the applicable penalties, and the mandatory nature of the sentencing guidelines. Rooks represented to the court that he was satisfied with his attorney's services and that he had voluntarily entered into the plea agreement. He stated that he was guilty of the offense charged. After hearing the Government's proffer, the district court concluded that Rooks had knowingly and voluntarily entered his plea, which was supported by an independent factual basis. The court accordingly adjudged Rooks guilty.

At sentencing, the district court overruled Rooks' objection to the presentence report, determined that Rooks' guideline range was 120-121 months, and sentenced him to 120 months in prison. Rooks appeals, contending that the district court violated the Sixth Amendment when it assigned him two criminal history points because he committed the instant offense while on supervised probation. The United States responds that Rooks validly waived his right to appeal this issue.

This case is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate-rights provision in a plea agreement was enforceable after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Having decided that it was,

we asked whether the issues raised on appeal were within the scope of that waiver. They were, and the appeal was dismissed. <u>Blick</u>, 408 F.3d at 168-73.

This court reviews de novo the validity of a waiver. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. <u>United States v. Davis</u>, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. <u>Davis</u>, 954 F.2d at 186.

Here, Rooks' waiver was clearly knowing and voluntary. He was twenty-one, a high school graduate, and not under the influence of drugs or alcohol when he entered his plea. The district judge questioned him about the waiver of his appellate rights, and Rooks stated that he understood what rights he was waiving. The details of the waiver were clearly set forth in the written plea agreement.

In his plea agreement, Rooks reserved the right to appeal an upward departure from his guideline range. Here, he attempts to challenge the calculation of his criminal history category. This

issue lies within the scope of the appellate waiver.  In accordance with <u>Blick</u>, we will enforce the waiver.

We therefore grant the motion to dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.  The motion to suspend the briefing schedule is denied as moot.

<u>DISMISSED</u>