**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4497**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD STUART ROSE, a/k/a Rahking,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-03-444)

Submitted:  January 31, 2006                Decided:  May 15, 2006

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Charles D. Lewis, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, S. Davis Schiller, Assistant United Sates Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Stuart Rose pled guilty to one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to 262 months in prison. Rose now appeals, arguing that his waiver of his appeal rights is not enforceable and that his sentence violates the rule of Blakely v. Washington, 542 U.S. 296 (2004). The United States moves to dismiss the appeal based on the waiver. We find the waiver enforceable, grant the Government's motion, and dismiss the appeal.

I

Rose signed a written plea agreement containing the following provision:

> The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.

The plea agreement set forth the maximum sentence that Rose faced and made clear that the sentencing guidelines applied and that the court would apply a sentence within those guidelines. Rose admitted that he was guilty of the offense charged and that a

Statement of Facts filed with the plea agreement accurately set forth the facts of the offense.

Rose signed the agreement. By signing, Rose acknowledged that he had read the agreement and reviewed it with his lawyer. Further, Rose stated that he understood his rights with respect to the indictment and the sentencing guidelines. Finally, he stated that he understood the agreement and voluntarily agreed to it.

At arraignment, the district court ascertained that Rose was thirty-six years old and a had a tenth-grade education. The court identified the rights that Rose waived by going to trial. The court specifically mentioned that, in the plea agreement, Rose waived his right to appeal any guideline sentence. The court then asked Rose: "According to the plea agreement you have agreed to waive your right to appeal my guideline sentence if it falls within the limits called for by the guidelines?" J.A. 21. Rose answered that he had so agreed, and the government did not object to the court's description of the appellate waiver. The district court concluded that Rose knowingly and voluntarily entered the plea and adjudged him guilty.

At sentencing, the district court adopted the presentence report, which calculated that Rose's offense level was 34 and his criminal history category was VI, for a resulting guideline range of 262-327 months. The court sentenced Rose to 262 months in prison. This appeal followed.

Rose contends that the appeal waiver in the plea agreement is not enforceable. This case is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea agreement was enforceable after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Blick, 408 F.3d at 169. Having decided that it was, we asked whether the issues raised on appeal were within the scope of that motion. Id. They were, and the appeal was subject to dismissal. Id. at 173.

We review de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Rose's waiver was clearly knowing and voluntary. He was thirty-six and had a tenth-grade education. The district

judge questioned him about the waiver of his appellate rights, and Rose acknowledged that he had waived his right to appeal his sentence. The details of the waiver were clearly set forth in the written plea agreement, which Rose had read, discussed with his attorney, and understood.

Further, the issue that Rose seeks to raise--that his sentence violates the rule announced in <u>Blakely</u>--is an issue that is clearly related to the manner in which his sentence was determined. As such, and because the sentence imposed lies within the statutory maximum to which Rose was exposed, we conclude that his waiver of his appeal rights lies within the scope of the waiver. Under <u>Blick</u>, the matter is not reviewable on appeal.

Rose argues that the government's silence in response to the court's assertion that Rose agreed to waive his right to appeal his sentence "if it falls within the limits called for by the guidelines" effected a modification of the plea agreement. This court has held that where a district court's mischaracterization of a material term is sufficiently pervasive to alter a defendant's understanding of the terms of his plea, the Government's affirmative acquiescence in the court's explanation can serve to modify the terms of the plea agreement. <u>United States v. Wood</u>, 378 F.3d 342, 349 (4th Cir. 2004). Although the government did not object when the district court mischaracterized the waiver provision in this case, it said nothing to suggest that the court's

statement of Rose's appellate rights was accurate. Absent evidence of the government's affirmative acquiescence in the court's mistake (or any other facts in the record to support Rose's modification argument), we cannot conclude that his plea agreement was modified.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED