**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4208**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

COREY RICHARDSON, a/k/a Black,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  David A. Faber, Chief District Judge.  (2:05-cr-00008-WCB)

Submitted:  September 11, 2006        Decided:  October 13, 2006

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Byron Craig Manford, Martinsburg, West Virginia, for Appellant. Thomas Edward Johnston, United States Attorney, Wheeling, West Virginia; Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Corey Richardson pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to 168 months in prison. He now appeals. The United States moves to dismiss the appeal, based on Richardson's waiver of his appellate rights. Richardson opposes the motion. We find that the appeal waiver is valid and enforceable and the issues Richardson seeks to raise on appeal lie within the scope of the waiver. We therefore grant the United States' motion and dismiss the appeal.

Richardson signed a written plea agreement containing the following provision:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or . . . the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742.

The plea agreement set forth the maximum sentence that Richardson faced and made clear that the sentencing guidelines applied. Richardson stipulated in the agreement that the relevant conduct was at least 150 grams, but not more than 500 grams, of cocaine base.

At Richardson's arraignment, the district court ascertained that Richardson had given up his right to appeal. The court identified the other rights that Richardson waived by pleading guilty. The court determined that Richardson understood the charge against him and the applicable penalty. Richardson represented to the court that he was satisfied with his attorney's services and that he had voluntarily entered into the plea agreement. He stated that he was guilty of the offenses charged. The court accepted the plea.

Richardson's probation officer then prepared a presentence report. The base offense level was 34. Three levels were subtracted for acceptance of responsibility. The total offense level therefore was 31. Richardson's criminal history category was IV, and his resulting advisory guideline range was 151-188 months in prison. Richardson objected to the calculation of his criminal history category and argued that a sentence of 135 months in prison would satisfy the considerations set forth at 18 U.S.C.A. § 3553(a)(West 2000 & Supp. 2006).

The district court imposed a sentence of 168 months. Richardson appeals, contending that the presentence report overstated his criminal history and that the sentence is excessive. The United States moves to dismiss the appeal, arguing that Richardson validly waived his right to appeal. Richardson opposes the motion.

This case is governed by our decision in <u>United States v. Blick</u>, 408 F.3d 162 (4th Cir. 2005). The issue in <u>Blick</u> was whether a waiver-of-appellate-rights provision in a plea agreement was enforceable after the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. <u>Blick</u>, 408 F.3d at 169. After deciding that it was, we considered whether the issues raised on appeal were within the scope of that motion. Because they were, we dismissed the appeal. <u>Blick</u>, 408 F.3d at 169-73.

This court reviews de novo the validity of a waiver. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. <u>United States v. Davis</u>, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. <u>Davis</u>, 954 F.2d at 186.

Here, Richardson's waiver was clearly knowing and voluntary. He was born in 1979 and had rather extensive past experience with the criminal justice system. The waiver-of-appellate-rights provision was specifically addressed at

- 4 -

arraignment. The details of the waiver were clearly set forth in the written plea agreement. Finally, Richardson represented to the court that his plea was freely, knowingly, and voluntarily entered.[*]

While Richardson's plea agreement prohibits an appeal of his sentence, it is his sentence that he seeks to attack on appeal. The appellate issues lie within the scope of the waiver and, under Blick, they are not reviewable on appeal.

We therefore grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]We are not persuaded by Richardson's argument that his plea was involuntary because he was coerced into stipulating relevant conduct. He presents no corroboration of this claim, which he raised for the first time at sentencing. Further, this claim is at odds with his solemn, sworn statements at arraignment that his plea was voluntary.