**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4948**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRELL WASHINGTON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.  W. Craig Broadwater,
District Judge.  (2:05-cr-00008-WCB)

─────────────

Submitted:  February 12, 2007          Decided:  March 8, 2007

─────────────

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Joseph J. Harris, Morgantown, West Virginia, for Appellant.  Thomas
O. Mucklow, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West
Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Washington pled guilty to aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to 240 months in prison. He now appeals. The United States has moved to dismiss the appeal, based on Washington's waiver of his appellate rights. Washington opposes the motion. We find that the appeal waiver is valid and enforceable and the issues Washington seeks to raise on appeal lie within the scope of the waiver. We therefore grant the United States' motion and dismiss the appeal.

I

Washington signed a written plea agreement containing the following provision:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or . . . the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742.

The plea agreement set forth the maximum sentence that Washington faced and made clear that the sentencing guidelines applied. Washington stipulated in the agreement that the relevant conduct was 612.26 grams of cocaine base and 301.5 grams of cocaine hydrochloride, for a marijuana equivalency of 12,305.5 kilograms.

At arraignment, the district court ascertained that Washington had given up his right to appeal. The court identified the other rights Washington waived by pleading guilty and determined that Washington understood the charge against him and the applicable penalty. Washington represented to the court that he was satisfied with his attorney's services and that he had voluntarily entered into the plea agreement. He stated that he was guilty of the offense charged.

Washington's probation officer prepared a presentence report (PSR). At sentencing, the district court overruled some of Washington's objections to the PSR and sustained others. Washington's guideline range was the statutory maximum of 240 months. After considering the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the district court sentenced Washington to 240 months in prison.

Washington appeals, contending that his offense level was enhanced in violation of the Sixth Amendment based on his role in the offense and that he should have received a reduction in his offense level based on acceptance of responsibility. The United States moves to dismiss the appeal, contending that Washington validly waived his right to appeal. Washington opposes the motion.

This case is governed by our decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate-rights provision in a plea

agreement was enforceable after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Blick, 408 F.3d at 169. After deciding that it was, we considered whether the issues raised on appeal were within the scope of the waiver. Because they were, we dismissed the appeal. Blick, 408 F.3d at 169-73.

This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Washington's waiver was knowing and voluntary. He was thirty-one years old and had completed the eleventh grade. The waiver-of-appellate-rights provision was set forth in a separate paragraph of the plea agreement and was specifically addressed at arraignment.

While Washington's plea agreement prohibits an appeal of his sentence, it is his sentence that he challenges on appeal. The

appellate issues lie within the scope of the waiver and, under Blick, they are not reviewable on appeal.

We therefore grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>