Adeline B. BENJAMIN, Plaintiff—
Appellant,

v.

Thomas J. VILSACK, Secretary, U.S.
Department of Agriculture,
Defendant—Appellee.

No. 08–2152.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 10, 2009.

Decided: July 24, 2009.

Richard J. Link, Jr., Karpel & Link, Silver Spring, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Ariana Wright Arnold, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adeline B. Benjamin appeals the district court's order granting summary judgment in favor of her employer, the United States Department of Agriculture ("USDA"), on her claim alleging retaliation and discrimination under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e (2006), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 (2006).

Benjamin is employed as a Grants and Agreement Specialist with the USDA. Benjamin has filed several Equal Employment Opportunity administrative complaints based on age, gender, and retaliation, all of which have been decided in favor of the USDA. Benjamin's prior complaint filed in the district court was dismissed on summary judgment, and this court affirmed the dismissal on appeal. *Benjamin v. Veneman,* 221 Fed.Appx. 192 (4th Cir.2007).

The essential facts underlying this appeal are that Benjamin was suspended for fourteen days due to her failure to follow supervisory instructions. Benjamin filed a discrimination complaint with the Equal Employment Opportunity Commission, which denied her claims. Thereafter, Benjamin filed a complaint in the district court, claiming the suspension constituted adverse action in retaliation for filing prior complaints, in violation of the ADEA and Title VII. The district court granted summary judgment in favor of the employer, finding Benjamin failed to establish a prima facie case and failed to rebut the legitimate non-discriminatory reasons for the suspension offered by her employer.

After conducting de novo review of the district court's grant of summary judgment, *Holland v. Washington Homes, Inc.,* 487 F.3d 208, 213 (4th Cir.2007), we find the undisputed material facts entitle the employer to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Benjamin failed to establish a causal connection existed between the protected activity— her prior complaints—and the asserted adverse action—her suspension. *Burlington N. & Santa Fe Ry. v. White,* 548 U.S.

53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *see also Ziskie v. Mineta,* 547 F.3d 220, 229 (4th Cir.2008). Furthermore, Benjamin utterly failed to show that the employer's proffered legitimate, non-discriminatory reasons for the suspension were pretextual. *See Matvia v. Bald Head Island Mgmt., Inc.,* 259 F.3d 261, 271 (4th Cir.2001).

Accordingly, we affirm for the reasons stated by the district court. *Benjamin v. Vilsack,* No. 8:07–cv–02990–DKC (D.Md. Aug. 22, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*