**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4860**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMONT LEE TURRENTINE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:06-cr-00206-F)

_____

Submitted: March 18, 2008                 Decided: July 23, 2008

_____

Before KING and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Walter Hoytt Paramore, III, Jacksonville, North Carolina, for Appellant. George Edward Bell Holding, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Lee Turrentine pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 924(c) (2000), and was sentenced to 120 months in prison. He now appeals. The United States has moved to dismiss the appeal, based on Turrentine's waiver of his appellate rights. Turrentine opposes the motion. We find that the appeal waiver is valid and enforceable and the issue Turrentine seeks to raise on appeal lies within the scope of the waiver. We therefore grant the United States' motion and dismiss the appeal.

I

Turrentine signed a written plea agreement in which he agreed:

> to waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

The plea agreement set forth the maximum sentence that Turrentine faced and made clear that the sentencing guidelines applied.

At arraignment, the Assistant United States Attorney summarized the terms of the plea agreement, including the waiver

- 2 -

provision. Turrentine informed the court that the summary was correct. Additionally, when the district court specifically inquired about the waiver, Turrentine replied that he understood its terms. The court ascertained that Turrentine comprehended the charge against him and the applicable penalty. Turrentine represented to the court that he and his attorney had discussed his case and that he had voluntarily entered into the plea agreement.

Turrentine's probation officer prepared a presentence report. At sentencing, the district court overruled Turrentine's objection to a recommended four-level increase in his offense level. Turrentine's total offense level was 25, his criminal history category was VI, and the maximum term of imprisonment to which he was subject was ten years. See 18 U.S.C. § 922(g) (2000). Accordingly, his advisory guideline range was 110-120 months in prison. After considering the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the district court sentenced Turrentine to 120 months in prison.

Turrentine appeals, claiming that the four-level increase in his offense level was error. The United States moves to dismiss the appeal, contending that Turrentine validly waived his right to appeal. Turrentine opposes the motion.

This case is governed by our decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea

agreement was enforceable after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Blick, 408 F.3d at 169. After deciding that it was, we considered whether the issues raised on appeal were within the scope of that motion. Because they were, we dismissed the appeal. Id. at 169-73.

We review de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Turrentine's waiver was knowing and voluntary. When he entered his plea, he was twenty-seven years old and had completed the twelfth grade. Turrentine asserted that his plea was not the result of threats or pressure to plead guilty and that he wished to plead guilty in accordance with the plea agreement, which he understood. Further, the waiver-of-appellate-rights provision, which was set forth in a separate paragraph of the plea agreement,

- 4 -

was specifically addressed at arraignment, and Turrentine represented to the court that he understood the waiver.

While Turrentine's plea agreement prohibits an appeal of a sentence within the advisory guideline range, it is such a sentence that he seeks to attack on appeal. The appellate issue thus lies within the scope of the waiver and, under <u>Blick</u>, is not reviewable on appeal.

We therefore grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>